R. S. CROHN, Administrator, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Division One, February 28, 1913.

1. **MOTION FOR NEW TRIAL: Filed in Time: Sunday.** Sunday is not to be counted as one of the four days within which a motion for a new trial must be filed.

2. **NEGLIGENCE: Contributory: Instructions: Must Require Finding of Facts.** In a personal injury case an instruction is erroneous which tells the jury that, if they believe the deceased could, by the exercise of reasonable care, have reached a position of safety, but negligently and carelessly placed himself in a dangerous position, they must find for the defendant. It did not require the jury to find any facts from which contributory negligence was inferable, and it authorized a finding for defendant however remote deceased's negligence might have been and whether or not "it was shown he knew, or ought to have known, of the material condition which rendered" what he did imprudent, if it was so. Further, the instruction warranted a finding for defendant if deceased could, without injury to himself, have taken any position other than he did take.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED AND REMANDED.

*Martin L. Clardy* and *E. J. White* for appellant.

*Raymond J. DeLano* and *M. Defoe Pypes* for respondent.

Instruction 1 given at the request of defendant implies that there was some evidence that deceased was negligent in selecting the position he did when injured, but a close scrutiny of the record fails to show any negligence on the part of deceased, and for that reason this instruction is erroneous. Coffey v. Carthage, 186 Mo. 583; Conner v. Nevada, 188 Mo. 148; Dunphy v. Stock Yards Co., 118 Mo. App. 520; Schroeder v. Transit Co., 111 Mo. App. 74; Klockenbrink v. Railroad, 172 Mo. 678; Moore v. Transit Co., 126 Mo. 278; Spencer v. Transit Co., 111 Mo. App. 653; Heberling v. Warrensburg, 204 Mo. 613; Doyle v. Trust Co., 140 Mo. 1; McGuire v. Railroad, 128 Mo. App. 677; Perrette v. Kansas City, 162 Mo. 238.

BLAIR, C.—This is an appeal from an order granting a new trial after verdict for defendant in an action for damages for the death of Emil D'Haese, who was struck and killed by a steam-shovel which fell as a consequence of the engine upon which he was working being backed against it.

Coal was being loaded upon the tender by means of the steam-shovel, and the duties of deceased, who was aiding in this work, seem to have required his presence on the engine. Two or three other employees were on the tender with him. The steam-shovel was upon trucks standing upon the same track with the engine, but behind it, and fastened to the track by hooks. The rear end of the coal bin in the tender having been filled and it being necessary to bring the

engine and shovel nearer together in order that the shovel or bucket might unload coal into the front end of it, the foreman ordered the engineer to back the engine two or three feet toward the steam-shovel. D'Haese stepped from the tender or tank to the top of the cab. The engineer backed the engine some ten feet, striking the steam-shovel with sufficient violence to break the boom or arm, and it and the bucket, loaded with about one-half ton of coal, fell upon and killed D'Haese.

On the trial defendant asked and the court gave the following instruction:

"The court further instructs the jury that if you believe from the evidence in this case that deceased could, by the exercise of reasonable care on his part, have gotten in a position of safety so that he would not have been injured, but negligently and carelessly placed himself in a dangerous position, then plaintiff is not entitled to recover and it is your duty as jurors to return a verdict for defendant."

On the hearing on the motion for new trial the circuit court reached the conclusion this instruction was erroneous and on that ground granted a new trial.

I. The verdict was returned on the 20th and the motion for new trial filed on the 25th of May, 1908. The untimeliness of the motion is assumed from these dates, and it is then argued that though Motion for New the court might have set aside the ver-Trial: Filed in dict on its own motion it had no power Time: Sunday. to sustain a motion filed out of time, and since the record shows the court did not act *sua sponte,* but on plaintiff's motion, the order granting the new trial must be reversed. It is not necessary to discuss this contention further than to say that the 24th of May was Sunday and consequently the motion was filed in time. [State v. Harris, 121 Mo. l. c. 447.]

Hamilton v. Railroad.

The argument is based upon an incorrect assumption of fact and falls with its premise.

II. The trial court was right in setting aside the verdict. The instruction constituted error. It did not require the jury to find any facts from which contributory negligence was inferable, and authorized a finding for defendant, however remote deceased's negligence might have been (Moore v. Rapid Transit Co., 126 Mo. l. c. 277, 278), and whether or not "it was shown he knew, or ought to have known, of the material condition which rendered" what he did imprudent, if it was so. [1 Labatt on Master & Servant, sec. 319.] Further, the instruction warranted a finding for defendant if deceased could, without injury to himself, have taken any position other than he did take. It is abstract, confusing and misleading. The judgment is affirmed and the cause remanded. *Brown, C.,* concurs.

Contributory Negligence: Erroneous Instruction.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.